UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



ELIZABETH BAXTER,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

Defendant.

Civil Action No. 3:11–CV–679

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Elizabeth Baxter's objections (ECF No. 12) to Magistrate Judge Novak's Report and Recommendation ("R&R")(ECF No. 11) affirming the Social Security Administration's denial of her application for Social Security Disability payments.  The decision by Defendant Michael Astrue, the Commissioner of the Social Security Administration ("Commissioner"), to deny Plaintiff benefits was based on a finding by an Administrative Law Judge ("ALJ") who determined that Plaintiff is not disabled according to the Social Security Act.  For the reasons provided below, the Court OVERRULES Plaintiff's objections and ADOPTS Judge Novak's R&R, DENYING Plaintiff's Motion for Summary Judgment and Motion to Remand (ECF Nos. 6, 7), GRANTING the Commissioner's Motion for Summary Judgment (ECF No. 9), and AFFIRMING the Commissioner's decision denying benefits to Plaintiff.

## I.    BACKGROUND

"'Disability' is the 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result

in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006) (quoting 42 U.S.C. § 423(d)(1)(A)). To determine if a claimant is disabled, and thus eligible for benefits, the ALJ conducts a sequential five-step analysis for the Commissioner. *See* 20 C.F.R. §§ 404.1520, 416.920. In this analysis, the ALJ considers whether an applicant (1) was performing "substantial gainful activity"[1] at the time of her application for benefits; (2) is severely impaired;[2] (3) has an impairment that is at least as severe as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App'x 1 and lasts or is expected to last for twelve months or result in death;[3] (4) could continue performing her past relevant work;[4] and (5) could perform any other work available in significant numbers in the national economy. 20 C.F.R. §§ 416.905, 416.920; *see Rogers v. Barnhart*, 216 F. App'x 345, 347–48 (4th Cir. 2007). If, at any step of this analysis, the ALJ determines that the applicant is disabled, the inquiry must stop. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but if the analysis reaches step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

---

[1] Substantial gainful activity is activity that involves doing significant physical or mental activities for pay or profit. *See* 20 C.F.R. § 404.1572.

[2] The ALJ found Plaintiff's severe impairments to be fibromyalgia, depression, social anxiety disorder, and history of panic disorder (R. at 17.)

[3] Before considering step four of the analysis, the Commissioner first must determine the claimant's residual functioning capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). "RFC is a measurement of the most a claimant can do despite his limitations." *Hines*, 453 F.3d at 562. It is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* (quoting Social Security Ruling ("SSR") 96-8p) (emphasis omitted); *see also* SSR 96-9p.

[4] Past relevant work is substantial gainful activity conducted in the past fifteen years that lasted long enough for the claimant to learn the basic job functions involved. *See* 20 C.F.R. §§ 416.965(a), 404.1565(a).

In this case, the ALJ found that Plaintiff is not disabled at step five of the analysis. He found that: (1) Plaintiff had not performed substantial gainful work from April 1, 2005 through December 31, 2008, the date that she was last insured, (2) Plaintiff is severely impaired, and (3) the impairments do not meet any of those listed in 20 C.F.R. Part 404, Subpart P, App'x 1. (R at 17-18.) Before turning to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") of "light work not involving exposure to fumes or gases, more than a minimum contact with the public, a production paced environment or more than occasional workplace changes." (R. at 19.) At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work, but under step five, there were a significant number of jobs in the national economy that Plaintiff could perform based on her age, education, and ability to communicate in English (R. at 21-23.) In drawing this conclusion at step five, the ALJ considered the testimony of a Vocational Expert ("VE") in response to hypothetical questions posed by the ALJ that are meant to accurately represent Plaintiff's RFC. After conducting this analysis, the ALJ found that Plaintiff is not under a disability, as defined by the Act, and thus not entitled to benefits. (R. at 23.)

The Appeals Council denied Plaintiff's request for review on August 8, 2011 (R. at 1-3.) Therefore, the ALJ's determination was the final decision of the Commissioner. Plaintiff appealed to this Court, arguing that: the ALJ failed to properly weigh the medical opinions; the ALJ failed to properly evaluate Plaintiff's credibility; the ALJ relied on flawed testimony of the VE; and the Appeals Council failed to properly consider new evidence. On July 12, 2012, Judge Novak found that: (1) the weight that the ALJ assigned to the medical opinions was supported by substantial evidence; (2) the ALJ correctly evaluated Plaintiff's credibility; (3) the ALJ's hypothetical questions to the VE were supported by the record;

and (4) Plaintiff's new evidence did not support a remand. Accordingly, the R&R agrees with the Commissioner's determination and recommends that the Court DENY Plaintiff's Motion for Summary Judgment and Motion to Remand, GRANT the Commissioner's Motion for Summary Judgment, and AFFIRM the decision denying benefits to Plaintiff.

Plaintiff objects to Judge Novak's findings in the R&R on the following grounds: (1) the ALJ failed to properly weigh the medical opinions; (2) the ALJ failed to properly evaluate Plaintiff's credibility; (3) the ALJ relied upon flawed VE testimony; and (4) the Appeals Council failed to properly consider new evidence, thus remand is appropriate.

## II.    STANDARD OF REVIEW

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence on the record and were reached by applying the correct legal standards. *Hines*, 453 F.3d at 561. The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. *Mastro*, 270 F.3d at 176.

4

A court reviews any portion of a Magistrate Judge's report and recommendation that has been properly objected to *de novo*. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In order to properly object, a party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

## III.   DISCUSSION

Plaintiff objects to all four of Judge Novak's findings in the R&R. While her present objections are substantially similar to the arguments set forth in her summary judgment brief, Plaintiff objects to specific determinations made by Judge Novak. Accordingly, Plaintiff has objected to the R&R with sufficient specificity to warrant *de novo* review. *See Williams v. Astrue*, No. 2:09CV60, 2010 WL 395631, at *2 (E.D. Va. Feb. 2, 2012) (denying *de novo* review of objections to the magistrate judge's report and recommendation because the objections were "in actuality, practically a verbatim copy of the argument section of Plaintiff's previously-filed summary judgment brief").

A. Judge Novak properly concluded that substantial evidence supports the ALJ's assignment of weight to the medical opinions.

The ALJ found that Plaintiff has an RFC of "light work not involving exposure to fumes or gases, more than a minimum contact with the public, a production paced environment or more than occasional workplace changes." (R. at 19.) In coming to this conclusion, the ALJ rejected the degree of limitation cited by treating physician Dr. Robin Anderson. Specifically, the ALJ found that there was no support in the record for Dr. Anderson's estimation that Plaintiff could only sit for 4 hours and stand and walk for 2 hours in an 8-hour day. However, the ALJ gave moderate weight to Dr. Anderson's remaining opinion that Plaintiff needs to avoid environmental irritants and fast-paced

medium or high stress settings. Further, the ALJ gave little weight to the opinion of licensed clinical social worker Ms. Margaret Joern, who the ALJ concluded was not an acceptable treating source. Plaintiff contends that the ALJ erred in weighing the opinions of Dr. Anderson and Ms. Joern, and that even if Dr. Anderson's opinion is not given controlling weight, remand is necessary so that the ALJ can apply the factors in 20 C.F.R. § 404.1527(d)(2)-(6) in weighing Dr. Anderson's opinion.

In considering the claimant's RFC, the ALJ must consider "all of the relevant medical and other evidence" in the record. 20 C.F.R. §§ 416.945(a)(1), (a)(3).  If the medical evidence, including all medical examinations by all physicians is consistent, then the ALJ makes a determination based on all the evidence.  20 C.F.R. § 416.927(c)(1).  However, if any of the evidence is inconsistent, the ALJ must decide which evidence should receive controlling weight. 20 C.F.R. § 416.927(c), (d). A treating physician's opinion must be given controlling weight if: (1) it is well-supported by medically-acceptable clinical and laboratory diagnostic techniques, and (2) is not inconsistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996); 20 C.F.R. § 416.927(c)(2); SSR 96-2p.

However, if the treating source's opinion is not well-supported by medically acceptable techniques or is inconsistent with the other substantial evidence, the treating physician's opinion will not be given controlling weight. *See id.*  The treating physician's opinion will also not be given controlling weight if the physician opines on an issue reserved for the Commissioner, such as whether the claimant is disabled for employment purposes. *See Jarrells v. Barnhart*, No. 7:04–CV–411, 2005 WL 1000255, at *4 (W.D. Va. Apr. 26, 2005); *accord* 20 C.F.R. §§ 404.1527(d)(3), (e).  If the opinion is deemed not-

6

controlling, then the ALJ determines the weight of the opinion by considering the factors in 20 C.F.R. § 404.1527: the length, nature, and extent of the treatment relationship; frequency of examinations; supportability by relevant evidence; consistency with the record as a whole; the physician's degree of specialization; and any other factors tending to support or contradict the opinion. *See* § 404.1527(c)(2)–(6); *Hines*, 453 F.3d at 563.

With respect to Dr. Anderson's opinion, Judge Novak found that substantial evidence supports the ALJ's decision to reject the degree of limitation that Dr. Anderson found but to assign moderate weight to the remainder of this opinion. Judge Novak found that the ALJ did not err in concluding that the record does not support this degree of limitation, and Judge Novak also considered the fact that Dr. Anderson's colleague, Dr. Warden, wrote that his own notes and examinations do not support a total disability position. (R&R 18; *see* R. at 227.) Further, "many of Plaintiff's notes from Dr. Anderson discussed Plaintiff's normal examinations and lack of myalgias." (R&R 18.) For these reasons, Judge Novak found that "accepting only part of Dr. Anderson's opinion and affording it moderate weight was entirely proper, as it was supported by substantial evidence." *Id.*

Plaintiff objects to Judge Novak's determination firstly on the ground that the ALJ did not give any weight to Dr. Warden's opinion or provide Dr. Warden's conclusion as a reason for his decision. Therefore, Plaintiff argues that Judge Novak substituted his own judgment for that of the ALJ and reweighed the evidence. Plaintiff argues secondly that the ALJ did not explain why the evidence was insufficient to fully support Dr. Anderson's opinion, and maintains that because the ALJ did not cite specific contradictory evidence, Dr. Anderson's opinion should have been given controlling weight. Even if Dr. Anderson's opinion were not given controlling weight, Plaintiff argues lastly that the ALJ was required

to consider the factors enumerated in 20 C.F.R. § 404.1527, and there is no indication that the ALJ did so here. Accordingly, Plaintiff contends that the Court must remand this matter so the ALJ can consider the § 404.1527 factors with regards to Dr. Anderson's opinion.

Plaintiff's arguments objecting to Judge Novak's finding that substantial evidence supports the weight given to Dr. Anderson's opinion are each unsuccessful. When reviewing the Commissioner's decision, the Court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig*, 76 F.3d, at 389 (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). Similarly, the Court is bound to affirm an ALJ's decision "only upon the reasons he gave." *Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988)(citing *SEC v. Chenery Corp.*, 318 U.S. 80 (1943)). Nonetheless, the reviewing court must base its decision on a review of the record as a whole and "may look to any evidence in the record, regardless of whether it has been cited by [the Commissioner]." *Heston v. Comm'r Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001); *see also Rose v. Astrue*, No. 3:11-CV-701, 2012 U.S. Dist. LEXIS 171947, at *14 (E.D. Va. Dec. 4, 2012).

In this case, Judge Novak did not re-weigh evidence, make credibility determinations, substitute his own judgment, or recommend affirming the Commissioner's decision based on reasoning not provided by the ALJ. Rather, Judge Novak found substantial evidence consistent with the ALJ's determination that there is an absence of support in the record for Dr. Anderson's conclusion regarding Plaintiff's limitations. It must first be noted that, upon careful review of the record, there is apparently no evidence indicating that Plaintiff had difficulty sitting for more than 4 hours or standing and walking for more than 2 hours in an 8-hour day. While Plaintiff testified before the ALJ that she had

difficulty standing after an extended period of sitting, Plaintiff herself provided that she has no difficulties actually sitting down for an extended period of time (R. at 39.) Plaintiff stated that she can walk a distance of one-quarter mile before needing to rest for five to ten minutes, but she did not indicate any temporal limits on her ability to walk or stand (R. at 120.) Further, upon an extensive review of the record, it is apparent that no other physician placed such limitations on Plaintiff's abilities during an 8-hour workday. Judge Novak found that Dr. Warden's opinion was further proof that Dr. Anderson's specific limitations on Plaintiff's ability to sit, stand, and walk were unsupported. Plaintiff asserts that the ALJ did not give any weight to Dr. Warden's opinions, but regardless of whether the ALJ expressly cited Dr. Warden's notes, Dr. Warden's opinion lends credence to the ALJ's determination that there is no support for the degree of limitation provided by Dr. Anderson. *See Rose*, 2012 U.S. Dist. LEXIS 171947, at *14 (quoting *Heston*, 245 F.3d at 535(holding that a reviewing court may look to any evidence in the record)).

Even notwithstanding Dr. Warden's opinion, the many treatment records from Dr. Anderson reporting Plaintiff's normal examinations and a lack of myalgias also support the ALJ's conclusion that Plaintiff is not as limited as Dr. Anderson's narrative report indicates. (*See* R. at 271, 275, 277.) While several of Dr. Anderson's progress reports note that Plaintiff has experienced back pain, none of the reports appear to specifically limit the length of time that Plaintiff can sit, stand, or walk in an 8-hour period. (*See* R. at 304-05, 308-09, 328.) Further, the record shows that Plaintiff's pain levels varied throughout the course of her treatment (*see* R. at 310, 328), and Dr. Anderson noted in one report that Plaintiff's back pain "has been waxing and waning since onset." (R. at 310.) Accordingly,

even apart from Dr. Warden's opinion, there is substantial evidence supporting the ALJ's determination that Plaintiff is not as limited as Dr. Anderson concluded.

Further, Plaintiff provides no support for her claim that this matter must be remanded because the ALJ did not consider the 20 C.F.R. § 404.1527 factors after finding that Dr. Anderson's opinion was not controlling. The Court rejected this argument in *Rose v. Astrue* after finding an absence of clear Fourth Circuit authority requiring remand where the ALJ does not explicitly discuss each individual factor enumerated in 20 C.F.R. § 404.1527. *See* 2012 U.S. Dist. LEXIS 171947, at *17. Further, the ALJ in this case expressly stated that he "has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527," among other requirements. (R. at 20.) Notably, the ALJ's decision on the weight to give Dr. Anderson's opinion clearly centered on the supportability factor of 20 CFR § 404.1527(c)(3). For the above reasons, the ALJ's decision is based on a correct application of the appropriate standard to review medical evidence.

With respect to the opinion of Ms. Joern, Judge Novak found that the ALJ did not err in giving little weight to Ms. Joern's opinion. The ALJ assigned little weight to Ms. Joern's opinion firstly because there is no evidence of a longitudinal treating relationship in the record. While Ms. Joern submitted an impairment questionnaire in which she indicated that she had treated Plaintiff approximately every two weeks between March 2, 2005 and June 12, 2008 (R. at 262), none of Ms. Joern's treatment notes from these sessions were made part of the record. In addition to noting the absence of proof of a treating relationship, Judge Novak cited Dr. Singh's treatment notes describing Plaintiff as cooperative, but somewhat controlling and manipulative, as the only evidence supporting Ms. Joern's opinion (*See* R&R at 18; R. at 170.) Plaintiff objects that the ALJ had an affirmative duty to

obtain Ms. Joern's treatment records and that Plaintiff was prejudiced by the ALJ's failure to obtain and consider these records before weighing Ms. Joern's opinion.

Plaintiff's argument that the ALJ erred in not obtaining Ms. Joern's treatment records is unsuccessful. At the time of the ALJ's decision, 20 C.F.R. §§ 404.1512(e) and 416.912(e) required the ALJ to re-contact a medical source to obtain additional information only if the record evidence provided is inadequate to make a determination of disability. *See Trappier v. Astrue*, 3:11-2494-RMG-JRM, 2012 U.S. Dist. LEXIS 172624, at *22 n.3 (D.S.C. Sept. 28, 2012), *adopted by Trappier v. Astrue*, 3:11-2494-RMG, 2012 U.S. Dist. LEXIS 171550 (D.S.C. Dec. 4, 2012).[5] In this case, however, the ALJ did not make a finding that the record before him was inadequate to make a determination of Plaintiff's disability, and he based his determination on the evidence in the entire record, including Plaintiff's reported symptoms, testimony at the hearing, medical treatment notes and the opinion evidence. Further, "[i]t is Claimant's responsibility to prove to the Commissioner that he or she is disabled . . . Although the ALJ has a duty to fully and fairly develop the record, he is not required to act as plaintiff's counsel." *Strickland v. Astrue*, 2:10-CV-765, 2011 U.S. Dist. LEXIS 102407, at *35-36 (S.D. W. Va. May 31, 2011), *adopted by Strickland v. Astrue*, 2:10-CV-765, 2011 U.S. Dist. LEXIS 102408 (S.D. W. Va. Sept. 9, 2011)(internal quotations and citations omitted); *see also* 20 C.F.R. § 416.912(a). Accordingly, the ALJ was not obligated to obtain Ms. Joern's records when Plaintiff did not provide this evidence herself.

---

[5] Effective March 26, 2012, the Commissioner amended these regulations to remove the duty it imposed on ALJs to re-contact a claimant's treating physician. *See* How We Collect and Consider Evidence of Disability, 77 Fed. Reg. 10,651001 (Feb. 23, 2012)(finding that these requirements were "simply too rigid at a time when our adjudicators need more flexibility in developing evidence as quickly and efficiently as possible"); *see also Trappier*, 2012 U.S. Dist. LEXIS 172624, at *22 n.3

Secondly, the ALJ assigned little weight to Ms. Joern's opinion because Ms. Joern, a licensed social worker rather than a physician, is not an acceptable treating source under the regulations. *See* 20 C.F.R. § 404.1513(a). Plaintiff concedes that Ms. Joern's opinion cannot be afforded controlling weight because Ms. Joern is not an acceptable medical source, *see* 20 C.F.R. § 404.1513(a), but argues that opinions from non-acceptable medical sources should still be considered under the 20 C.F.R. § 404.1527 factors when determining the severity of the impairment and the impact on the claimant's ability to work. In this case, the ALJ considered Ms. Joern's opinion in deciding to assign it little weight rather than rejecting it entirely, and the lack of proof of Ms. Joern's asserted longitudinal treating relationship with Plaintiff is clearly a factor which the ALJ may consider under 20 C.F.R § 404.1527. *See* 20 C.F.R § 404.1527(c)(3)(holding that supportability is a relevant factor in weighing medical opinions). For these reasons, in light of the fact that Ms. Joern was not an acceptable treating source and did not provide any evidence of the treating relationship, it was entirely reasonable for the ALJ to assign little weight to Ms. Joern's opinion.

In addition to challenging the weight of the opinions which the ALJ considered in finding Plaintiff's RFC, Plaintiff argues more broadly that "no affirmative evidence in the record supports the functional capacity found by the ALJ." (Pl.'s Objections to R&R 4.) Plaintiff contends that the ALJ, as a layperson, was unqualified to make an RFC determination without some supporting medical opinions, and therefore, the ALJ improperly substituted his own opinion for that of medical experts. On the contrary, however, the ALJ in this case explicitly adopted Dr. Anderson's opinion about Plaintiff's need to avoid environmental irritants and fast-paced medium or high stress settings into his determination of the RFC. (*See* R. at 21.) For the above reasons, the ALJ properly

12

assessed Plaintiff's RFC and properly weighed the medical opinions in doing so. Because the ALJ's decision is based on a correct application of the law and there is substantial evidence to support his findings, the Court ADOPTS Judge Novak's recommendation and OVERRULES Plaintiff's objection as to the weight given to the medical opinions.

### B. Judge Novak properly concluded that substantial evidence supports the ALJ's evaluation of Plaintiff's credibility.

Prior to proceeding with step four of the sequential analysis, the ALJ determines the claimant's RFC, and in doing so, incorporates the impairments that are based on objective medical evidence in the record and the claimant's credible complaints. *See* 20 C.F.R. §§ 416.920(e)-(f), 416.945(a)(1). The claimant must first satisfy a threshold test, showing by "objective medical evidence a medical impairment reasonably likely to cause the pain claimed." *Craig*, 76 F.3d at 595; *see* 20 C.F.R. §§ 416.929(c)(1), 404.1529(c)(1). After the claimant meets this burden, the ALJ must evaluate the credibility of the claimant's statements regarding the intensity and persistence of that particular pain and the extent to which this pain prevents claimant from working. *See Craig*, 76 F.3d at 595.

The ALJ's determination regarding the claimant's credibility is "to be given great weight," *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984), and should be assessed only to determine whether it is supported by substantial evidence. *See Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997). "When factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent 'exceptional circumstances.'" *Id.* (quoting *NLRB v. Air Prods. & Chems., Inc.*, 717 F.2d 141, 145 (4th Cir. 1983)). Therefore, this Court must accept the ALJ's factual findings and credibility determinations unless "'a credibility determination is unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all.'" *Id.* (quoting *NLRB*

*v. McCullough Envtl. Servs., Inc.*, 5 F.3d 923, 928 (5th Cir. 1993)).

In this case, the ALJ found that Plaintiff's statements regarding "the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent that they are inconsistent with the . . . residual functional capacity assessment." (R. at 20.) In determining that there was insufficient support for concluding that Plaintiff is as limited as she alleges, the ALJ did not simply rely on his own RFC assessment, but rather considered the record as a whole, the fact that Plaintiff presented well at the hearing, and Plaintiff's own descriptions of her reactions to medication and her activity level.[6] (*See* R. at 20-21.) In addition to noting his earlier finding regarding the lack of support for Dr. Anderson's opinion, Judge Novak found that the ALJ reasonably concluded that Plaintiff's subjective complaints were not credible given her actions. Plaintiff objects that her improvements in daily functioning when on medication, her attempt to return to work, and her strong work history do not establish that she would be able to maintain a job in a competitive work environment or otherwise contradict a finding of disability.

The ALJ's determination of Plaintiff's credibility correctly applies the legal standards and is supported by substantial evidence in the record. When the ALJ evaluates the intensity and persistence of the claimant's symptoms, important indicators to consider

---

[6] Plaintiff has stated that she: worked with a dog organization (R. at 191); spent time doing work in her house (R. at 192); participated in Easter activities (R. at 180); gets out three times a week for church events (R. at 182); is active in her recovery program (R. at 183, 184, 188); traveled to Massachusetts to visit family (R. at 188); refinished kitchen cabinets in her sister's home (R. at 189); went to AA meetings every other week (R. at 195); cares for pets with her sister and mother (R. at 116); drives a vehicle once or twice a week (R. at 28) and goes grocery shopping alone, in addition to shopping online (R. at 118); manages her own finances (R. at 118); enjoys music, singing, playing the guitar, using the computer, animals, and watching television (R. at 119); participates in a band (R. at 119, 182); attends church once a month and attends therapy weekly (R. at 119); and calls her sponsor and sister daily (R. at 119).

include: "what may precipitate or aggravate [the claimant's] symptoms, what medications, treatments or other methods [the claimant uses] to alleviate them, and how the symptoms may affect [the claimant's] pattern of daily living." 20 C.F.R. § 416.929(c)(3). Accordingly, among other factors, the ALJ may consider the claimant's daily activities, prior work record, the claimant's own statements about her symptoms, and the impact of medication or other treatments on the severity of the claimant's symptoms. *See id.*; *Johnson*, 434 F.3d at 658. While the claimant need not be "totally helpless or bedridden in order to be found disabled under the Social Security Act," *Totten v. Califano*, 624 F.2d 10, 11 (4th Cir. 1980), evidence of the claimant's daily activities or ability to function while on medication may undermine their claim of disability. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (holding that daily activities such as cooking, washing dishes, managing a household, grocery shopping, and cleaning and socializing at a local poolroom undermined a finding of a psychological disability); *Mastro*, 270 F.3d at 179 (holding daily activities such as riding a bike, walking in the woods, and travelling undermined the alleged intensity, frequency and duration of claimant's symptoms).

In this case, Plaintiff claimed that she could not leave her home for more than an hour without panic and anxiety attacks (R. at 108), but with the help of medication, she was able to overcome her stage fright and participate in her church singing group (R. at 180). Plaintiff was also able to help her sister and mother, who each had experienced significant health and personal problems during the year prior to Plaintiff's application for benefits, for instance, by refinishing her sister's kitchen cabinets (R. at 189.) Similarly, Plaintiff claims that she is unable to work, but Plaintiff had been running her mother's household as well as her own (R. at 29), and told a nurse practitioner that she was looking to obtain

employment (R. at 174, 178, 181.) Further, while the record demonstrates that Plaintiff has long suffered from anxiety, depression, and various physical impairments, Plaintiff expressed pleasure that several relatives were visiting for a holiday (R. at 194) and enjoyed a visit from her daughter and grandchild (R. at 176.) Plaintiff's pain is tolerable on an average day with her use of over-the-counter medication (*see* R. at 30-31), and Plaintiff has overall reported doing well while taking her medications (*see* R. at 173-76, 179.) While Plaintiff's medications have been adjusted over time and have resulted in some side effects, Plaintiff stated that these effects were "tolerable as a trade-off for the positive effects on [Plaintiff's] mood, energy, and overall sense of well being." (R. at 21.)

For the above reasons, the Court finds that the ALJ correctly applied the law in concluding that Plaintiff's reported daily activities and her abilities while medicated undermine her asserted symptoms, and furthermore, substantial evidence supports the ALJ's determination. Accordingly, the Court ADOPTS Judge Novak's recommendation and OVERRULES Plaintiff's objection as to the ALJ's determination of her credibility.

C. Judge Novak properly concluded that the ALJ did not rely upon flawed Vocational Expert Testimony.

Step five of the analysis requires the Commissioner to show that the claimant is capable of performing other work available in significant numbers in the national economy in light of her age, education, work experience, and RFC. *See* 20 C.F.R. §§ 416.920(g), 404.1520(g). In proceeding with step five, the ALJ may consider the testimony of a Vocational Expert ("VE") after posing hypothetical questions that accurately represent the claimant's RFC based on all of the record evidence and a fair description of the claimant's impairments. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989).

In this case, the ALJ asked the VE to assume a hypothetical individual with the same

age, education, and work experience as the claimant and with the limitations of light work, no exposure to fumes or gas, limited contact with the public, no production pace work and only occasional workplace changes. (R. at 41.) The VE concluded that the positions of a garment bagger or laundry sorter would apply to the proposed hypothetical. (R. at 41-42.) The ALJ posed a second hypothetical including a limitation to sedentary positions, and the VE testified that Plaintiff could perform the work of an addressing clerk or a folder. (R. at 42.) Judge Novak found that the ALJ's hypothetical accurately represented all of Plaintiff's impairments and was based on the RFC, which Judge Novak found to be supported by substantial evidence. Plaintiff objects to the R&R on the ground that the RFC, which formed the basis of the ALJ's hypothetical questions, is not supported by substantial evidence, and therefore, the Commissioner failed to meet his burden of proof in step five of the analysis. Plaintiff also asserts that the ALJ's hypothetical did not accurately describe Plaintiff's impairments to the VE because the RFC does not include the ALJ's finding that Plaintiff has mild limitations in daily living and social functioning and moderate difficulties with concentration, persistence or pace. (R. at 18-19.)

Both of Plaintiff's arguments that the ALJ relied on flawed VE testimony must fail. As this Court has already held, *see supra* Parts A & B, there is substantial evidence in support of the RFC, which the ALJ determined after properly weighing the medical opinions and evaluating Plaintiff's credibility. Further, it was not error for the ALJ to not include in the RFC the specific limitations that Plaintiff emphasizes. The ALJ considered these limitations in step three of the analysis, in which he concluded that these limitations did not satisfy the criteria of Paragraph B of the adult mental disorder listings. (*See* R. at 18.) However, the applicable policy interpretation provides that the limitations in the Paragraph B criteria are

not an RFC assessment, but rather are used to rate the severity of mental impairments at the second and third steps of the sequential analysis. *See* SSR 96-8p, 1996 WL 374184, 1996 SSR LEXIS 5. In contrast, "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form]." *Id.* (*See* R. at 19.) Accordingly, the ALJ did not err by not including the limitations considered in step 3 of the analysis in the RFC determined before step 4, and therefore, the ALJ's hypothetical questions to the VE properly applied the law. For the above reasons, the Court ADOPTS Judge Novak's recommendation and OVERRULES Plaintiff's objection that the hypotheticals posed to the VE were improper.

D. <u>Judge Novak correctly concluded that Plaintiff's new evidence does not require remand.</u>

While the Court may not consider evidence not presented to the ALJ, the Court may remand a case for reconsideration under two circumstances. *See* 42 U.S.C. § 405(g). Under a "sentence four" remand, the Court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* Under a "sentence six" remand, the Court may remand a case to the Commissioner upon a showing of new and material evidence if there is good cause shown by the Commissioner for the failure to incorporate this evidence into the record in a prior proceeding. *Id. See Cameron v. Astrue*, No. 7:10CV00058, 2011 WL 2945817, at *7 (W.D. Va. July 21, 2011). In this case, Plaintiff submitted new evidence in the form of an updated opinion from Dr. Anderson and an opinion from Dr. N. A. Emiliani. (*See* R. at 4.) Judge Novak determined that

remand was not necessary after considering the requirements of a sentence six remand. (R&R at 22.) Plaintiff objects that the sentence six remand standard is inapplicable in cases where new evidence was submitted to the Appeals Council, and with respect to the opinion of Dr. Emiliani, asserts that remand is proper under the standard of sentence four.[7]

While the Court applies the sentence four remand standard rather than the sentence six standard considered in the R&R,[8] the Court agrees with Judge Novak's analysis that Plaintiff's new evidence does not call for remand.[9] Under the sentence four standard, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec., Dept. of HHS*, 953 F.2d 93, 95-96 (4th Cir. 1991)(citing *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990))(internal quotations omitted); *see* 20 C.F.R. § 404.970(b). The evidence is new if it is not duplicative or cumulative. *See Wilkins*, 953 F.2d at 96. The evidence is material "if there is a reasonable possibility that the new evidence would have changed the outcome."

---

[7] Plaintiff has not objected to Judge Novak's finding that the additional opinion by Dr. Anderson did not call for remand. (*See* R&R at 22.)

[8] "Sentence six applies specifically to evidence not incorporated into the record by either the ALJ or the Appeals Council." *Cameron*, 2011 WL 2945817, at *7. *See Minor v. Astrue*, 2010 WL 3294411, at *2 (D. Md. Aug. 20, 2010). In this case, the Appeals Council explicitly incorporated Plaintiff's new evidence into the record (R. at 4), and therefore, the sentence four remand standard is appropriate.

[9] Both standards require a determination as to whether the evidence is new and material. *See* 20 C.F.R. § 404.970(b)(" If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."); *Wilkins*, 953 F.2d at 96 n.3 ("A claimant seeking a [sentence six] remand on the basis of new evidence under 42 U.S.C.A. § 405(g) . . . must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier."). Accordingly, the application of the sentence six standard in the R&R does not affect Judge Novak's conclusion that remand is not required here because Dr. Emiliani's opinion is not material. (R&R 22-23.)

*Wilkins*, 953 F.2d at 96; *see Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985). In this case, Dr. Emiliani's opinion is new evidence since it is not duplicative or cumulative of other evidence in the record.

However, Plaintiff's new evidence is not material because there is not a reasonable possibility that Dr. Emiliani's opinion would have changed the ALJ's determination. Firstly, as Judge Novak points out (*see* R&R at 22-23), Dr. Emiliani's opinion is not entitled to controlling weight because the opinion is not accompanied by any treatment records. *See Craig*, 76 F.3d at 590; *see supra* Part A. Secondly, Dr. Emiliani's opinion is inconsistent with the substantial evidence in the record demonstrating that Plaintiff is not disabled. Among other conditions, Dr. Emiliani found that Plaintiff suffered from severe depression with suicidal ideations, anorexia with episodes of bulimia, anger anxiety, and agoraphobia, and that Plaintiff's prognosis for recovery is extremely limited. (R. at 378-79.) Dr. Emiliani also concluded that Plaintiff is markedly limited in every one of the mental activities listed in the Psychiatric/Psychological Impairment Questionnaire except for Plaintiff's ability to be aware of normal hazards and take appropriate precautions, for which Dr. Emiliani found Plaintiff was moderately limited. (*See* R. at 381-86.) Further, Dr. Emiliani found that Plaintiff is incapable of even low stress. (R. at 387.)

Nonetheless, no other physician found the degree of limitation that Dr. Emiliani asserts. For instance, unlike Dr. Emiliani, Dr. Anderson found that Plaintiff is capable of low stress (R. at 207), and there is no mention of anorexia or bulimia in Dr. Anderson's extensive treatment records. Although the ALJ properly assigned little weight to Ms. Joern's opinion, even Ms. Joern found that Plaintiff was markedly limited in only two of the twenty mental activities listed in the Psychiatric/Psychological Impairment Questionnaire, and in

eight of the mental activities, Ms. Joern found no evidence of limitation. (R. at 264-67.) While Dr. Emiliani concluded that Plaintiff has bad days only (R. at 387), Dr. Anderson found that Plaintiff experiences good days as well as bad days (R. at 364), a finding which Plaintiff's own testimony supports (*see* R. at 31-32, 34). Further, both Ms. Joern and Dr. Anderson found that Plaintiff's prognosis is fair, rather than extremely limited as Dr. Emiliani concluded. (R. at 202, 262.) For the above reasons, Dr. Emiliani's opinion is not material new evidence. Accordingly, the Court ADOPTS Judge Novak's recommendation as consistent with the above analysis, OVERRULES Plaintiff's objection on the ground that remand is unnecessary under sentence four, and DENIES Plaintiff's Motion to Remand.

## IV.    CONCLUSION

For the above reasons, the Court OVERRULES Plaintiff's Objections and ADOPTS Judge Novak's R&R, thereby DENYING Plaintiff's Motion for Summary Judgment and Motion to Remand, GRANTING the Commissioner's Motion for Summary Judgment, and AFFIRMING the Commissioner's decision denying benefits to Plaintiff.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

ENTERED this __7__ day of February 2013.

/s/
_____
James R. Spencer
United States District Judge